2026 IL App (1st) 260575-U

No. 1-26-0575B

First Division
July 29, 2026

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Cook County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 26 CR 0162301 |
| DEVEON CURRY, | ) ) | |
| | ) | Honorable |
| Defendant-Appellant. | ) | James M. Obbish, |
| | ) | Judge, Presiding. |

JUSTICE COBBS delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant's appeal is dismissed where he failed to comply with the pleading requirements of Supreme Court Rule 604(h)(2).

¶ 2    Defendant-appellant Deveon Curry appeals the January 5, 2026, order, which granted the State's petition for pretrial detention under section 110-6.1 of the Code of Criminal Procedure, commonly referred to as the Pretrial Fairness Act ("Act") (725 ILCS 5/110-6.1 (West 2024)) and the "trial court's findings" made at the March 17, 2026, hearing on his "Petition for Relief" under

Illinois Supreme Court Rule 604(h) (eff. Apr. 15, 2024). As defendant failed to comply with the requirements set forth in Rule 604(h)(2), we dismiss his appeal.

¶ 3                                    I. BACKGROUND

¶ 4      On January 4, 2026, defendant was arrested and charged with unlawful possession of a weapon by a felon (720 ILCS 5/24-1(a) (West 2024)); defacing identification marks of firearms (720 ILCS 5/24-5(b) (West 2024)); and possession of a controlled substance (720 ILCS 570/402(c) (West 2024)). On January 5, 2026, the State filed a verified petition for pretrial detention pursuant to section 110-6.1 of the Act.

¶ 5      Proceeding by proffer, the State argued that on January 4, 2026, defendant arrived at the home of Keyonna Jones. Although defendant and Jones had been in a prior dating relationship, defendant did not live with Jones. After defendant's arrival, he and Jones began to argue. Defendant left the residence but later returned to pick up his belongings, at which time, a second argument ensued. During this argument, defendant brandished a gun and threatened, "I'll shoot this b*** up."

¶ 6      Jones' mother and aunt were present in the residence during the argument. Jones' mother called 911; officers responded; and Jones' aunt told police that she saw defendant place a handgun under the witness's mattress in the bedroom. The aunt led officers directly to the weapon.

¶ 7      The officers recovered the handgun under the mattress, exactly where Jones' aunt had indicated it had been placed. The weapon was identified as a fully loaded Stoeger 9 millimeter gun with one round in the chamber. The serial number of the weapon had been defaced.

¶ 8      Jones signed a complaint against defendant for aggravated assault with a deadly weapon and defendant was then placed in custody. Upon a custodial search of defendant, the officers recovered 14 small yellow baggies of suspected crack cocaine, totaling 4.7 grams.

¶ 9    The State additionally presented information concerning defendant's past criminal history record, which included, *inter alia*, three prior arrests for domestic violence charges involving a different partner. Defendant's pretrial services report suggested that if released, defendant be placed on electronic monitoring or "supervision level 3" and that his "domestic Violence Screening Instrument" reflected a score of 8, which is medium risk.

¶ 10    Defendant argued in response that the State's petition be denied. Counsel argued that defendant had denied the allegations and that the evidence connecting defendant to the weapon was sparse. He maintained that the State failed to meet its burden. With respect to the dangerousness factor, counsel argued that the last report of domestic violence had occurred more than five years earlier and that there was nothing in the record to point to any cycle of violence concerns. Additionally, pointing to the "New Violent Criminal Activity Flag," counsel noted that defendant had not had any prior convictions for violent conduct. Neither had defendant violated any court conditions of any kind. Thus, defense counsel argued in favor of GPS or electronic monitoring on defendant's behalf

¶ 11    Following the hearing, the trial court found that the State had shown by clear and convincing evidence that the proof was evident or the presumption great that defendant had committed a detainable offense, that he posed a real and present threat to the safety of a specific person or person in the community, and that no condition or combination of conditions could mitigate the threat posed by defendant. Accordingly, on January 5, 2026, the court entered an order to detain defendant pending trial.

¶ 12    On March 17, 2026, defendant filed a pleading captioned "Motion for Relief Under the Pretrial Fairness Act." In the motion, defendant sought review of the trial court's January 5, 2026, pretrial detention decision. Following a hearing on the motion, on that same date, the trial court

entered a written order which reflects that a petition for release hearing had been held; the defendant had been detained; and, that appeal rights had been given.

¶ 13    On March 20, 2026, defendant filed a notice of appeal. On June 3, 2026, defendant filed a "Notice In Lieu of Rule 604(h) Memorandum."

¶ 14                                II. ANALYSIS

¶ 15    In his "Motion For Relief," defendant requested review of the trial court's January 5, 2026, decision to grant the State's pretrial detention petition. As permitted by supreme court rule, defendant has elected not to file an optional memorandum, but has elected, instead, to stand on the argument presented in his "Petition for Relief" for purposes of this appeal. The State initially responds that defendant's appeal should be dismissed as he has failed to file a "Motion for Relief" compliant with Supreme Court Rule 604(h)(2). We agree.

¶ 16    Rule 604(h)(2) provides that, "[a]s a prerequisite to appeal," the party appealing an order denying pretrial release must file a motion for relief setting forth the relief sought on appeal and the grounds for such relief. *People v. Cooksey*, 2024 IL App (1st) 240932, ¶ 17. The motion for relief has as its purpose the identification of errors made in the circuit court's detention decision and the opportunity for the court to correct any errors and potentially change its ruling in the movant's favor. *People v. Patterson*, 2025 IL App (1st) 250510, ¶ 18 (citing *People v. Burries*, 2025 IL App (5th) 241033, ¶ 30)). It is the motion for relief that frames the issues for review on appeal. Thus, any issue not raised in the motion for relief is deemed waived for purposes of appellate review. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024).

¶ 17    Significantly, once a defendant has been detained pending trial, the trial court must reevaluate the appropriateness of that detention decision at every subsequent court appearance. *Patterson*, 2025 IL App (1st) 250510, ¶ 11. Prior to such a hearing, the defendant may, but is not

required, to file a written motion for pretrial release articulating why continued detention is not necessary or appropriate. *Id.* ¶ 16. Further, Supreme Court Rule 604(h) permits appeal of pretrial detention and release orders at any time prior to conviction. Ill. S. Ct. R. 604(h)(3) (eff. Apr. 15, 2024). Given the parameters of the rule, we are particularly mindful that the character of a pleading should be determined, not merely from its caption, but from its character. *In re Haley D.*, 2011 IL 110886, ¶ 67.

¶ 18 We have reviewed defendant's "Motion for Relief" and find it to be more in the nature of a motion for pretrial release as opposed to a motion for relief. Although not substantively fatal, nowhere in the motion does defendant reference Rule 604(h), but instead recites the procedural steps and burdens of proof under the Act required for the court's pretrial detention determination. Significantly, defendant points to no error committed by the trial court at the January 2026 detention hearing. At the March 2026 proceeding, he instead requests that the court make a "redetermination" regarding his detention.

¶ 19 In his motion, defendant argues that the trial court must find changed circumstances before it alters an existing order to detain a defendant. He then notes specifically that since his initial appearance, Jones has indicated that she does not feel threatened by defendant and that she wished to have the "no contact order" lifted in this case.

¶ 20 Citing to *People v. Walton*, 2024 IL App (4th) 240541, as support, defendant argues that in his case, "there has been a change in circumstance significant enough to warrant redetermination of [his] detention status." He additionally cites to *People v. Cervantes*, 2024 IL App (4th) 240624-U (defendant filed a motion for reconsideration of pretrial detention arguing the availability of conditions that could be fashioned to allow his release), and to *People v. Thomas*, 2024 IL App (1st) 240479 (defendant filed a motion to determine whether continued detention was necessary).

Asserting that the safety of the community and of the alleged victim could be accomplished by means less restrictive than detention, defendant requested that the court enter an order granting release.

¶ 21   At the hearing on the motion, defense counsel offered that Jones was present in the courtroom and she had advised counsel that she did not want defendant to be detained as she did not feel that she was in danger. Defense counsel asserted that Jones had characterized the offense as "just a big misunderstanding."

¶ 22   Clearly, the substance of defendant's "Motion for Relief" was to bring to the court's attention a change in circumstance in the hopes of securing defendant's pretrial release with conditions. And, clearly, the trial court treated the motion as such. The court acknowledged that Jones "now wants to drop her allegations," because defendant contributes financially to her situation and wants to help her out. Following the hearing, the court ruled that defendant would remain detained and admonished defendant concerning his appeal rights.

¶ 23   Because defendant has failed to satisfy the pleading requirements under Rule 604(h)(2), we must dismiss his appeal. Even so, Rule 604(h) permits an appeal at any time before conviction and imposes no time frame for filing a proper Motion for Relief, should defendant be so inclined to do so in the future. *Cooksey*, 2024 IL App (1st) 240932, ¶ 19.

¶ 24   Appeal dismissed. See *People v. Nettles*, 2024 IL App (4th) 240962, ¶ 21.